1
2
3
4
5
6
7

**O**

8 **United States District Court**
9 **Central District of California**
10

11 PROTIVITI INC.,

Case No. 2:23-cv-08442-ODW (PDx)

12                Plaintiff,

13                                          **ORDER GRANTING IN PART AND**
**DENYING IN PART PLAINTIFF'S**
14    v.                                    **MOTION FOR ENTRY OF DEFAULT**
                                            **JUDGMENT [24]**
15 PROTIVITI LLC, et al.,

16                Defendants.

17

18

19                        **I.    INTRODUCTION**

20        Plaintiff Protiviti Inc. moves for default judgment against Defendants Protiviti

21 LLC and Clifford Osmena.  (Mot. Default J. ("Motion" or "Mot."), ECF No. 24.)  For

22 the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART**

23 Plaintiff's Motion for Entry of Default Judgment with respect to Defendant Protiviti

24 LLC and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Entry of Default

25 Judgment with respect to Defendant Clifford Osmena.[1]

26

27

───────────────

28 [1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter
appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

### A.   Factual Background

The following facts are taken from the Complaint.  (Compl., ECF No. 1.) Protiviti Inc. ("Plaintiff") is a global consulting firm that has provided business solutions to companies in the United States and around the world since 2002.  (*Id.* ¶ 12.) Since 2002, and continuing to this day, Plaintiff has marketed and provided its services using the "Protiviti" and "Protiviti-" formative trademarks.  (*Id.* ¶ 13.)  Plaintiff claims that "Protiviti" is a coined, distinctive name used for the company's brand and that no other company has a trademark registration for "Protiviti."  (*Id.* ¶ 14.)   Plaintiff registered the Protiviti name and marks with the United States Patent and Trademark Office under Registration Nos. 2,741,346; 2,773,603; and 5,511,808.  (*Id.* ¶¶ 15–16.)

On March 26, 2023, Protiviti LLC filed its Articles of Incorporation with the California Secretary of State.  (*Id.* ¶ 25.)  Osmena is the signatory of the Articles of Incorporation, under the title of "Organizer."  (*Id.* ¶ 29.)  Plaintiff alleges that Protiviti LLC chose its name for the sole purpose of confusing consumers.  (*Id.* ¶¶ 37–38.) Protiviti LLC is also allegedly selling goods and services under the Protiviti mark.  (*Id.* ¶¶ 37–40.)

Plaintiff made several attempts to contact Defendants Protiviti LLC and Osmena as well as the California Secretary of State's office in an effort to de-list Protiviti LLC. (*Id.* ¶¶ 41–46.)   The attempts to contact Defendants were unsuccessful, and the California Secretary of State's office advised Plaintiff that it would take no action without a judicial order.  (*Id.*)

### B.   Procedural Background

Plaintiff filed its Complaint on October 6, 2023.  (*See generally* Compl.)  Plaintiff brings five claims: (1) trademark infringement in violation of 15 U.S.C. § 1114(1); (2) false designation of origin in violation of 15 U.S.C. § 1125(a); (3) trademark infringement under California common law; (4) unfair competition in violation of California Business & Professions Code section 17200 *et seq.*; and (5) conversion under

2

1   California common law.  (*Id.*)  On October 13, 2023, Plaintiff served Protiviti LLC's

2   registered agent for service of process, Vanessa Crosby.  (ECF No. 14.)  On October 16,

3   2023, Plaintiff served Osmena, via substituted service on an individual, Martin "Doe,"

4   at address listed as the principal place of business for Protiviti LLC: 42 West Mountain

5   View Street, Long Beach, California 90805.  (ECF No. 13.)  Plaintiff also attempted

6   service on Osmena by mail at the same address on October 17, 2023, pursuant to

7   California Code of Civil Procedure section 415.20.  (ECF No. 15.)

8        Defendants did not appear or respond to the Complaint, and as such, Plaintiff

9   filed a request to enter default against the non-appearing Defendants.  (Request for

10  Clerk to Enter Default, ECF Nos. 17, 22.)  On November 9, 2023, the Clerk of the Court

11  entered default against Protiviti LLC.  (Default by Clerk, ECF No. 20.)   On

12  November 22, 2023, the Clerk of the Court entered default against Osmena.  (Default

13  by Clerk, ECF No. 23.)

### III.   LEGAL STANDARD

15       Federal Rule of Civil Procedure ("FRCP" or "Rule") 55(b) authorizes a district

16  court to grant a default judgment after the Clerk enters default under Rule 55(a).  Fed.

17  R. Civ. P. 55(b).  Before a court can enter a default judgment against a defendant, the

18  plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as

19  well as Local Rules 55-1 and 55-2.  Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2.

20  Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when

21  and against which party default was entered; (2) identification of the pleading to which

22  default was entered; (3) whether the defaulting party is a minor, incompetent person, or

23  active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931,

24  does not apply; and that (5) the defaulting party was properly served with notice, if

25  required under Rule 55(b)(2).  C.D. Cal. L.R. 55-1.

26       If these procedural requirements are satisfied, a district court has discretion to

27  enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  "[A]

28  defendant's default does not automatically entitle the plaintiff to a court-ordered

3

judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002).   In exercising discretion, a court must consider several factors (the "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).   Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV.   DISCUSSION

The analysis below first turns to the Court's jurisdiction over the parties and the adequacy of service of process on the defendants.   Next, the Court addresses the procedural requirements and *Eitel* factors required to make a default judgment ruling. Lastly, the Court determines the remedies available to Plaintiff.

### A.   Jurisdiction and Service of Process

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service.   *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

#### 1.   *Subject Matter Jurisdiction*

The Court finds it has subject matter jurisdiction over Plaintiff's claims under 15 U.S.C. § 1121 and 28 U.S.C. § 1367.   *See* 15 U.S.C. § 1121(a) ("The district and

1  territorial courts of the United States shall have original jurisdiction . . . of all actions

2  arising under this chapter [of the Lanham Act], without regard to the amount in

3  controversy or to diversity or lack of diversity of the citizenship of the parties.");

4  28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all

5  other claims that are so related to claims in the action within such original jurisdiction

6  that they form part of the same case or controversy under Article III of the United States

7  Constitution.").

8          *2.       Personal Jurisdiction*

9          The Court is satisfied that it has personal jurisdiction over Protiviti LLC because

10 it is a California limited liability company with its principal place of business in Long

11 Beach, California.  (Compl., Ex. 2); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)

12 (noting that a corporation's principal place of business and place of incorporation are

13 paradigmatic bases for general personal jurisdiction); *see Green Pet Shop Enter., LLC*

14 *v. Grand Innovations USA, LLC*, No. 2:21-cv-06156-MCS (MAAx), 2022

15 WL 2235474, at *1 (C.D. Cal. Apr. 13, 2022) (finding that the court had personal

16 jurisdiction over the defendant because the defendant was a California limited liability

17 company with a principal place of business in California).

18         The Court is *not* satisfied that it has personal jurisdiction over Osmena.  Plaintiff

19 provides no information on Osmena's domicile or contacts with California besides

20 alleging that Osmena is the sole member and signatory on the Articles of Organization

21 for Protiviti LLC.  (*See generally* Compl.)  The only support for personal jurisdiction

22 Plaintiff provides is a conclusory allegation that personal jurisdiction over Osmena is

23 proper because of the conduct alleged against Protiviti LLC, "or in the alternative, his

24 assistance to aid-and-abet Protiviti LLC in the aforementioned conduct."  (Compl.

25 ¶ 10.)  This conclusory allegation is not enough to establish personal jurisdiction over

26 Osmena.

27

28

5

1

       *3.      Service of Process*

2        The Court also finds that service was proper on Protiviti LLC. *See Jackson v.*

3 *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in

4 accordance with Rule 4(d) of the [FRCP], or there is no personal jurisdiction." (footnote

5 omitted)).  Rule 4(h) provides that a corporation[2] may be served in the same manner

6 prescribed by Rule 4(e)(1) for serving an individual, which allows for service in

7 accordance with California law.  Fed. R. Civ. P. 4(h), 4(e)(1).  Under California law, a

8 corporation may be served by delivering a copy of the summons and the complaint to

9 the "person designated as agent for service of process."   Cal. Civ. Proc. Code

10 § 416.10(a).  Here, Protiviti LLC was served via its registered agent, Vanessa Crosby,

11 on October 13, 2023.  (ECF No. 14.)

12        However, the Court is not convinced that Plaintiff properly served Osmena.

13 Plaintiff states that it served an individual named Martin at the principal place of

14 business for Protiviti LLC and that it mailed the service package to Osmena at the same

15 address, pursuant to California Code of Civil Procedure section 415.20. (Mot. 12.) But

16 Plaintiff has not provided any facts to support that Protiviti LLC's principal place of

17 business is Osmena's office, abode, dwelling house, usual place of business, or other

18 facts, to allege service was made in compliance with section 415.20.  Cal. Civ. Proc.

19 Code § 415.20.  Plaintiff has also not stated whether personal service was attempted

20 more than the single instance when Plaintiff provided the service package to the

21 individual named Martin.  *See Bd. of Trs. of Leland Stanford Junior Univ. v. Ham*,

22 216 Cal. App. 4th 330, 337 (2013) ("[I]n order to avail oneself of substituted service

23 under section 415.20, two or three attempts to personally serve a defendant at a proper

24 place ordinarily qualifies as 'reasonable diligence.'") (cleaned up).

25

26

27 [2] *Gould v. Marino*, No. 19-CV-00015-HSG, 2020 WL 3615327, at *2 (N.D. Cal. July 2, 2020) (analyzing whether service of process on an LLC was proper using the Rule 4(h) service of process

28 standard for corporations).

1    Regarding Protiviti LLC, the Court finds that subject matter and personal
2    jurisdiction exist.  Additionally, the Court determines that service of process on Protiviti
3    LLC was proper.
4        The Court, however, finds that it does not have personal jurisdiction over
5    Osmena, and service of process was insufficient.  Therefore, the Court **DENIES**
6    **WITHOUT PREJUDICE** the Motion as to Osmena.
7    **B.    Procedural Requirements**
8        Plaintiff has satisfied the procedural requirements with respect to Protiviti LLC
9    and failed with respect to Osmena.  As such, the Court will only address the procedural
10   requirements for Protiviti LLC.
11       Here, Plaintiff submitted a declaration stating that default was entered as to its
12   Complaint against Protiviti LLC on November 9, 2023, which satisfies the first two
13   elements of Local Rule 55-1.  (Decl. Jean-Paul Ciardullo ISO Mot. ("Ciardullo Decl.")
14   ¶¶ 7–8, ECF No. 24-1.)  Further, Protiviti LLC is not a natural person and therefore the
15   third and fourth elements of Local Rule 55-1 do not apply.  Moreover, the fifth element
16   of Local Rule 55-1 is waived because FRCP 55(b)(2) does not require written notice of
17   the application for default judgment because Protiviti LLC has not entered an
18   appearance in this case.
19       Accordingly, Plaintiff has satisfied the procedural requirements necessary to
20   merit an entry of default against Protiviti LLC.
21   **C.    *Eitel* Factors**
22       In exercising discretion in whether to enter default judgment, courts consider the
23   "Eitel factors": (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
24   substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in
25   the action, (5) the possibility of a dispute concerning material facts, (6) whether the
26   default was due to excusable neglect, and (7) the strong public policy favoring decisions
27   on the merits.  *Eitel*, 782 F.2d at 1471–72.  The following analysis of the *Eitel* factors
28   pertains to Protiviti LLC only.

1        *1.        Possibility of Prejudice to Plaintiff*

2        The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default

3    judgment is not entered.  *Eitel*, 782 F.2d at 1471.  Denial of default leads to prejudice

4    when it leaves a plaintiff without a remedy or recourse to recover compensation.

5    *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010);

6    *PepsiCo*, 238 F. Supp. 2d at 1177.  Protiviti LLC has failed to appear or participate in

7    this action.  Absent entry of default judgment, Plaintiff is without recourse to recover.

8        Accordingly, this factor weighs in favor of default judgment.

9        *2.        Substantive Merits & 3. Sufficiency of the Complaint*

10        "Of all the Eitel factors, courts often consider the second and third factors to be

11    the most important."  *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F.

12    Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).  The second

13    and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may

14    recover."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499

15    (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175).

16    To weigh these two factors, the Court evaluates the merits of each cause of action.

17        As discussed above, Plaintiff brings five claims: (1) trademark infringement in

18    violation of 15 U.S.C. § 1114(1); (2) false designation of origin in violation of

19    15 U.S.C. § 1125(a); (3) trademark infringement under California common law;

20    (4) unfair competition in violation of California Business & Professions Code

21    section 17200 *et seq.*; and (5) conversion under California common law.

22        <u>Claims 1 through 4, Trademark Infringement</u>

23        Infringement claims brought under 15 U.S.C. §§ 1114 and 1125, Cal Bus. & Prof.

24    Code section 17200, and common law trademark infringement and unfair competition

25    are subject to the same test.  *See Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632

26    (9th Cir. 2008) (noting that claims of trademark infringement, false designation of

27    origin, and unfair competition were all "subject to the same test").

28

1    To state a claim for trademark infringement, a plaintiff must show that (1) it has

2    a valid, protectable mark, and (2) the defendant's use of the mark is likely to cause

3    consumer confusion.  *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969

4    (9th Cir. 2007).   Registering a mark with "the Principal Register in the Patent and

5    Trademark Office constitutes prima facie evidence of the validity of the registered mark

6    and of [Plaintiff's] exclusive right to use the mark on the goods and services specified

7    in the registration." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036,

8    1047 (9th Cir. 1999) (citing 15 U.S.C. §§ 1057(b), 1115(a)).

9    In the present case, taking the allegations in the Complaint as true, Plaintiff

10   alleges it owns the "Protiviti" marks, registered the marks with the United States Patent

11   and Trademark Office, and has continually used the marks since 2002.  (Compl. ¶¶ 4–

12   17.)  Thus, the first element of a trademark infringement claim is satisfied.

13   Regarding the second element, courts employ the eight *Sleekcraft* factors when

14   evaluating likelihood of confusion.  *JL Beverage Co., LLC v. Jim Beam Brands Co.*,

15   828 F.3d 1098, 1106 (9th Cir. 2016).  These factors are: (1) the strength of the mark;

16   (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of

17   actual confusion; (5) marketing channels used; (6) type of goods and the degree of care

18   likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark;

19   and (8) the likelihood of expansion of the product lines.  *AMF Inc. v. Sleekcraft Boats*,

20   599 F.2d 341, 348–49 (9th Cir. 1979) *abrogated on other grounds by Mattel, Inc. v.*

21   *Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003).  These factors are to

22   be applied flexibly and are not intended to be a checklist.  *Rearden LLC v. Rearden*

23   *Com., Inc.*, 683 F.3d 1190, 1205 (9th Cir. 2012).  "Neither actual confusion nor intent

24   is necessary to a finding of *likelihood* of confusion."  *Century 21 Real Est. Corp. v.*

25   *Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1998)

26   Here, Plaintiff's allegations support a high likelihood of confusion.  Plaintiff

27   alleges in the Complaint that the "Protiviti" mark is strong and known worldwide.  (*Id.*

28   ¶¶ 17, 20–24.)   The company name selected and used by Protiviti LLC is nearly

9

identical to Plaintiff's registered mark; the only difference is the addition of "LLC."
(*Id.* ¶ 32.)   And Protiviti LLC allegedly chose its name to take advantage of the
reputation and goodwill associated with Plaintiff and its renowned "Protiviti" mark.
(*Id.* ¶¶ 32–40.)   As such, Plaintiff has alleged the necessary facts to meet the second
element of trademark infringement.

Accordingly, the Court finds Plaintiff states a claim with regard to causes of
action one through four.

Claim 5: Conversion under California Common Law

To state a claim for conversion, a plaintiff must allege the following: (1) the
plaintiff owns or has a right of possession to the property; (2) the defendant's
disposition of the property is in a manner "that is inconsistent with the plaintiff's
property rights"; and (3) plaintiff sustained damages as a result.  *Fremont Indem. Co. v.
Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (2007).[3]  Plaintiff must have a claim of
ownership to the property at the time of the alleged conversion.  *Baldwin v. Marina City
Props., Inc.*, 79 Cal. App. 3d 393, 410 (1978).

Here, Plaintiff has stated a claim for the first two elements of conversion, but it
has not stated a claim for the third element.  Plaintiff has provided evidence that it owns
the "Protiviti" marks.  (Compl. ¶¶ 14–17.)   Plaintiff also alleges that Protiviti LLC
infringed upon Plaintiff's property rights in the "Protiviti" marks when it filed the
Articles of Organization with the California Secretary of State's Office.  (*Id.* ¶¶ 26, 31–
39.)   However, Plaintiff has not provided any evidence regarding what damages it has
sustained as a result of Protiviti LLC's conduct.   This conclusion is supported by
Plaintiff's statement that it is not "in a position to estimate its actual damages, if any."
(Mot. 18.)   Therefore, Plaintiff may not obtain default judgment on this claim.

Plaintiff has stated a claim on which it may recover only as to the first four causes

[3] Common law conversion equally applies to intangible property, such as trademarks.  *See Kremen v.
Cohen*, 337 F.3d 1024, 1029–36 (9th Cir. 2003) (applying California common law conversion to
internet domain names); *see also Eng. & Sons, Inc. v. Straw Hat Rests., Inc.*, 176 F. Supp. 3d 904, 921
(N.D. Cal. 2016) (analyzing and applying *Kremen* to include trademarks).

of action.  Plaintiff has not stated a claim on which it may recover for the fifth cause of action for conversion.  On balance, the second and third *Eitel* factors favor default judgment as to Plaintiff's trademark infringement claims in claims one through four.

### 4.    Amount at Stake

The fourth *Eitel* factor balances the amount of money at stake with the "seriousness of Defendant's conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471.  The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action."  *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Plaintiff has not alleged an amount of damages in its Complaint, and in its Motion for Default Judgment, Plaintiff states that it "is prepared to waive its claim for monetary damages against Defendant[]" because it is unable to ascertain Protiviti LLC's sales. (Mot. at 18.)  Plaintiff also seeks injunctive relief and recovery of attorneys' fees and other expenses associated with this action, including costs related to pre-litigation investigation and the cease & desist letters. (*Id.*)  Consequently, this factor favors of entry of default judgment.

### 5.    Possibility of Dispute

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177.  Because the allegations in Plaintiff's Complaint are presumed true, Protiviti LLC's failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014), *abrogated on other grounds by Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). Accordingly, this factor favors entry of default judgment.

1          *6.        Possibility of Excusable Neglect*

2          The sixth *Eitel* factor considers the possibility that a defendant's default is the

3    result of excusable neglect.  *PepsiCo,* 238 F. Supp. 2d at 1177.  Plaintiff served the

4    lawfully registered agent of Protiviti LLC, Vanessa Crosby, on October 13, 2023.  (ECF

5    No. 14.)  Defendant thus was on notice and failed to respond.  No facts before the Court

6    indicate that Defendant's default is due to excusable neglect.  As such, this factor favors

7    entry of default judgment.

8          *7.        Policy Favoring Decisions on the Merits*

9          "[D]efault judgments are ordinarily disfavored.  Cases should be decided upon

10   their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472 (citing *Pena v.*

11   *Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).  However, where the

12   defendant fails to answer the plaintiff's complaint, "a decision on the merits [is]

13   impractical, if not impossible."  *PepsiCo*, 238 F. Supp. 2d at 1177.  Because Protiviti

14   LLC failed to appear or otherwise respond, a determination on the merits is impossible.

15   Accordingly, this factor does not preclude entry of default judgment.

16         On balance, the *Eitel* factors support entry of default judgment on Plaintiff's first

17   four causes of action.  As such, the Court **GRANTS** Plaintiff's Motion for Default

18   Judgment with respect to Plaintiff's claims for: (1) trademark infringement in violation

19   of 15 U.S.C. § 1114(1); (2) false designation of origin in violation of 15 U.S.C.

20   § 1125(a); (3) trademark infringement under California common law; and (4) unfair

21   competition in violation of California Business & Professions Code section 17200.  The

22   Court **DENIES** Plaintiff's Motion for Default Judgment with respect to its fifth cause

23   of action for conversion under California common law.

24   **D.     Remedies**

25         The Court now addresses Plaintiff's request for remedies.  Plaintiff seeks to

26   recover attorneys' fees and costs of the action, a permanent injunction, and an order

27   compelling the California Secretary of State's office to de-list Protiviti LLC as a

28   business.  The Court considers each in turn.

1      *1.     Attorneys' Fees*

2           Plaintiff seeks attorneys' fees under the Lanham Act.  Consequently, the Court

3      authorizes Plaintiff to submit a motion for attorneys' fees within fourteen days of the

4      entry of this order if it wishes to have its attorneys' fees request considered.

5      *2.     Costs*

6           In addition to attorneys' fees, Plaintiff requests "costs of the action" under the

7      Lanham Act.  As noted above, costs are also provided for in exceptional cases of

8      trademark infringement.  *Poof*, 528 F.3d at 702.  Plaintiff has sufficiently alleged that

9      this is an exceptional case, and is therefore entitled to attorneys' fees *and* costs.  But

10     Plaintiff has not yet submitted a request for costs.  Thus, the Court authorizes Plaintiff

11     to submit a bill of costs within fourteen days of the entry of this order, in accordance

12     with FRCP 54 and related Central District Local Civil Rules, if Plaintiff desires to

13     obtain costs of the action.

14     *3.     Permanent Injunction*

15          Plaintiff also seeks to enjoin Protiviti LLC from using trademarks or any other

16     marks likely to cause confusion or dilute the distinctiveness of the Protiviti marks.  The

17     Lanham Act gives the court "power to grant injunctions according to the rules of equity

18     and upon such terms as the court may deem reasonable, to prevent the violation" of a

19     mark holder's rights.  15 U.S.C. § 1116(a).

20     
21          Injunctive relief is the remedy of choice for trademark and unfair
            competition cases, since there is no adequate remedy at law for the injury
22          caused by a defendant's continuing infringement.  It is the remedy
            provided by federal and state trademark infringement statutes.  In cases
23          where the infringing use is for a similar service, broad injunctions are
            especially appropriate:  Where a name, whether registered as a trademark
24          or not, enjoys an international reputation, the use of any colorable imitation
            will be enjoined pendente lite under 15 U.S.C. § 1125(a) if the use of the
25          colorable imitation is for a similar service.
26     
27     *Century 21 Real Est. Corp.*, 846 F.2d at 1180–81 (internal citations and quotation marks

28     omitted).

13

To obtain an injunction, a plaintiff must demonstrate that (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, the Court finds Plaintiff has alleged facts sufficient to obtain an injunction. First, Plaintiff has demonstrated it will suffer irreparable injury because "[a] plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection." 15 U.S.C. § 1116(a).

Second, legal remedies are inadequate to compensate Plaintiff because, as noted above, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp.*, 846 F.2d at 1180.

Third, the balance of hardships weighs in favor of Plaintiff because "there is no hardship to defendant when a permanent injunction would merely require defendant to comply with the law." *Teddy's Red Tacos Corp. v. Theodoro Vazquez Solis*, No. 2:19-cv-03432-RSWL (ASx), 2021 WL 4517723, at *11 (C.D. Cal. Aug. 16, 2021) (alteration omitted).

Fourth, an injunction is in the public interest because "[t]he public has an interest in avoiding confusion between two companies' products." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009); *see also State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 715 (9th Cir. 2005) ("Trademarks protect the public from confusion by accurately indicating the source of a product."); *Moroccanoil, Inc. v. Zotos Int'l, Inc.*, 230 F. Supp. 3d 1161, 1178 (C.D. Cal. 2017) (noting that as there were "serious questions as to whether

14

1    consumers [were] likely [to] be confused between the products, the public interest factor

2    weigh[ed] in favor of issuing an injunction").

3              Although Plaintiff provides no evidence that Defendant has sold or offered, or

4    continues to sell or offer, goods or services under the "Protiviti" mark, that alone is not

5    fatal to Plaintiff's request for an injunction.

6              Accordingly, the Court **GRANTS** Plaintiff's request for a permanent injunction

7    against Protiviti LLC from using Plaintiff's trademarks or any other mark intended to

8    infringe or dilute the distinctiveness of the Protiviti marks.

9              *4.      De-Listing Protiviti LLC's Registration with the California Secretary of*

10             *State*

11             As a final remedy, Plaintiff requests that this Court order or compel the California

12   Secretary of State to de-list or expunge Protiviti LLC from its records.  Plaintiff avers

13   that the California Secretary of State's Office will not "delist" or terminate Protiviti

14   LLC without a court order compelling it to do so.  (Mot. 22; Ciardullo Decl. ¶ 9.)

15   Plaintiff cites just one case—*United States v. Morris*, No. 2:10-cv-00614-FCD (KJMx)

16   PS, 2011 WL 43579 (E.D. Cal. Jan. 6, 2011)—to support the proposition that this Court

17   has the power to compel or authorize the California Secretary of State's Office to

18   terminate.  Yet *Morris* does not support the proposition that this Court may compel the

19   California Secretary of State to delist or terminate a limited liability company from its

20   records.

21             The court in *Morris* relied on the express grant of 26 U.S.C. § 7402(a) to expunge

22   baseless liens (UCC Financing Statements) filed against federal IRS personnel.  *Morris*,

23   2010 WL 5136180, at *3 (citing *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985)).

24             In contrast here, Plaintiff does not provide the Court with any authority on

25   whether it may compel the California Secretary of State to expunge or delist an LLC

26   from its records.  Expunging a lien, or UCC Financing Statement, is not the same as

27   delisting or terminating a California limited liability company.  The Court is also

28   reticent to compel dissolution or revocation of an LLC at this stage.  In any event, the

1   Court's grant of an injunction preventing Protiviti LLC from using Plaintiff's marks

2   should sufficiently prevent Protiviti LLC from inflicting additional harm on Plaintiff.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Plaintiff's Motion for Entry of Default Judgment and **ORDERS** as follows:

1. The Court finds that Plaintiff has conclusively established Defendant Protiviti LLC's liability on Plaintiff's claims for trademark infringement under 15 U.S.C. § 1114(1), unfair competition and false designation of origin under 15 U.S.C. § 1125(a), common law trademark infringement, and unfair competition under California Business & Professional Code section 17200 *et seq.*  Therefore, the Court **GRANTS** Plaintiff's Motion as to liability against Defendant Protiviti LLC for these claims.

2. Plaintiff's Motion for Default Judgment against Protiviti LLC is **DENIED IN PART** with regard to Plaintiff's fifth cause of action, conversion.

3. Defendant Protiviti LLC and its officers, agents, and employees and all those persons in active concert of participation with them who receive actual notice of this Order by personal service; service on a registered agent; service by any other manner permitted under Federal Rule of Civil Procedure 4(h) and/or California Code of Civil Procedure § 415.20; mail to Defendant's business address at 42 West Mountain View Street, Long Beach, California 90805; or otherwise, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from infringing the following:

   a. Plaintiff's trademarks shown in U.S. Trademark Registration Nos. 2,741,346; 2,773,603; and 5,511,808 in violation of 15 U.S.C. § 1114 by offering services and/or manufacturing, selling, offering for sale, distributing, importing, and/or exporting products that bear marks that are confusingly similar to Plaintiff's registered trademarks;

b. Plaintiff's common law trademark PROTIVITI in violation of 15 U.S.C. § 1125(a) by manufacturing, selling, offering for sale, distributing, importing and/or exporting products, or offering any services, that bear marks that are confusingly similar to Plaintiff's common law trademark;

4. If, at any future time, Defendant Protiviti LLC, its agents, representatives, employees, assigns, suppliers, or any persons acting in concert with it, are found to have violated this Order, they shall be liable for all attorneys' fees and costs reasonably incurred by Plaintiff to enforce this Order or otherwise remedy such violation;

5. The Court sets June 24, 2024, as the deadline by which Plaintiff must file a motion for attorneys' fees and an application for costs. Failure to timely file this motion and application will result in the administrative closure of this action; and

6. After entry of this Order, Plaintiff shall promptly serve a copy of it on Defendant Protiviti LLC, and Plaintiff shall file with the Court a proof of service thereof within seven (7) days thereafter.

7. Plaintiff's Motion for Default Judgment against Osmena is **DENIED WITHOUT PREJUDICE** in its entirety.

**IT IS SO ORDERED.**

June 12, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

18