O

# United States District Court
# Central District of California

| | |
|---|---|
| PROTIVITI INC., <br><br> Plaintiff, <br><br> v. <br><br> PROTIVITI LLC et al., <br><br> Defendants. | Case № 2:23-cv-08442-ODW (PDx) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [34]** |

## I.   INTRODUCTION

On June 12, 2024, the Court entered default judgment against Defendant Protiviti LLC ("Defendant"). (Order Mot. Default J. 17, ECF No. 31.)  Plaintiff Protiviti Inc. ("Plaintiff") now moves for attorneys' fees.  (Mot. Att'ys' Fees ("Motion" or "Mot."), ECF No. 34.)  The Motion is unopposed.  For the reasons discussed below, the Court **DENIES** Plaintiff's Motion.[1]

## II.   BACKGROUND

Founded in 2002, Plaintiff is a global business consulting firm. (Compl. ¶ 12, ECF No. 1.)  Since its inception, Plaintiff has continued to market its services using the "PROTIVITI" and "PROTIVITI-" formative trademarks. (*Id.* ¶¶ 13, 17.)  Plaintiff

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

asserts "PROTIVITI is an inherently distinctive name and was coined for use as the company's brand" and registered the name and mark with the United States Patent and Trademark Office. (*Id.* ¶¶ 14–15.)

On March 26, 2023, Defendant filed its Articles of Incorporation with the California Secretary of State under the name "Protiviti LLC." (*Id.* ¶¶ 25–26.) Plaintiff alleges that Defendant's name "would be recognized by the shorthand 'Protiviti' . . . just like Plaintiff" and that Defendant chose the name "for the sole purpose of confusing consumers – which will harm [Plaintiff's] business, including its reputation and goodwill in the marketplace." (*Id.* ¶¶ 35–37.)

On October 6, 2023, following unsuccessful attempts to contact Defendant and to request the California Secretary of State's office to de-list "Protiviti LLC," Plaintiff filed suit against Defendant and its sole member, Clifford Osmena (collectively, "Defendants"). (*Id.* ¶¶ 6, 41–46.) In its Complaint, Plaintiff asserted five causes of action against Defendants: (1) trademark infringement in violation of 15 U.S.C. § 1114(1); (2) false designation of origin in violation of 15 U.S.C. § 1125(a); (3) trademark infringement under California common law; (4) unfair competition in violation of California Business & Professions Code section 17200 *et seq.*; and (5) conversion under California common law. (*Id.* ¶¶ 48–75.) Defendants did not appear or respond to the Complaint. (*See* Req. Clerk Enter Default, ECF Nos. 17, 22.) On November 9, 2023, upon Plaintiff's request, the Clerk of the Court entered default against Defendants. (Default Clerk, ECF Nos. 20, 23.)

On December 12, 2023, Plaintiff moved for default judgment against Defendants. (Mot. Default J., ECF No. 24.) The Court granted in part and denied in part Plaintiff's Motion for Default Judgment and entered default judgment only against Defendant Protiviti LLC on the first four causes of action. (Order Mot. Default J. 17.) Plaintiff waived its claim for monetary damages and the Court granted injunctive relief to permanently enjoin Defendant Protiviti LLC from further

infringing Plaintiff's trademarks. (*Id.* 11, 17–18.) Thereafter, on June 26, 2024, Plaintiff filed the present Motion requesting $39,063.10 in attorneys' fees. (Mot. ¶ 2.)

### III.   LEGAL STANDARD

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Whether a case is "exceptional" is left to the discretion of the district court "considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016) (en banc). An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Courts also consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth*, 839 F.3d at 1181. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiples "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

### IV.   DISCUSSION

The Court previously determined that that this is an exceptional case entitled to attorneys' fees and costs under the Lanham Act. (Order Mot. Default J. 13.) The remaining issue is whether Plaintiff's request for $39,063.10 in attorneys' fees is reasonable.

**A.   Local Rule 55-3**

On default judgment, the Court generally determines attorneys' fee pursuant to the Schedule for Attorneys' Fees provided in Local Rule 55-3. The Schedule uses the amount of monetary judgment as a basis to determine the appropriate attorneys' fees

3

award. *See* C.D. Cal. L.R. 55-3. However, in this case, the Court granted only injunctive relief in its default judgment. Without a monetary judgment amount, the Court cannot rely on Local Rule 55-3 and instead, applies the lodestar method in its determination of attorneys' fees.

**B.  Lodestar Analysis**

The lodestar analysis involves a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court takes the number of hours reasonably expended on the litigation and multiplies it by a reasonable hourly rate. *Id.* Second, the court determines whether to modify the lodestar figure based on factors not subsumed in the initial calculation. *Id.*

The burden is on the moving party to produce evidence that the billing rates and hours are reasonable. *Intel Corp.*, 6 F.3d at 622–23. To meet this burden, the moving party must submit "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). The moving party must also "document[] the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Here, Plaintiff fails to provide evidence justifying the reasonableness of its billing rates. Plaintiff seeks attorneys' fees for work completed by five attorneys and one research specialist at its counsel's New York and Los Angeles offices: Robert S. Weisbein, Jean-Paul Ciardullo, Anum Amin, Jennifer B. Iwata, Bianca Ascolese, and Tiffany K. Sung. In support of its Motion, Plaintiff submits a single declaration by its counsel, Jean-Paul Ciardullo, and invoices for the fees incurred. (*See* Decl. Jean-Paul Ciardullo ISO Mot. ("Ciardullo Decl.") Ex. A ("Invoices"), ECF Nos. 34-1 to 34-2.) Ciardullo details the work that each attorney and staff member completed in this matter. (*See* Ciardullo Decl. ¶¶ 4–5, 9, 11.) However, Ciardullo's declaration and the

invoices are devoid of pertinent information required for a lodestar analysis, notably: (1) the attorneys' hourly rates, (2) the attorneys' qualifications and level of experience,[2] and (3) the comparable market rate in the relevant community. *See, e.g.*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (finding "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate" for a lodestar analysis). Plaintiff thus fails to meet its burden. *Intel Corp.*, 6 F.3d at 622–23.

As the Court lacks adequate information to conduct a lodestar analysis, it cannot determine the reasonableness of Plaintiff's requested attorneys' fees and must deny Plaintiff's Motion. *See Teddy's Red Tacos Corp. v. Theodoro Vazquez Solis*, No. 2:19-cv-03432-RSWL (ASx), 2021 WL 4517723, at *10 (C.D. Cal. Aug. 16, 2021) (denying request for actual attorneys' fees because plaintiff offered insufficient evidence to allow the court to conduct a lodestar analysis).

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Attorneys' Fees. (ECF No. 34.)

**IT IS SO ORDERED.**

November 26, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff provides only links to the firm's attorney profiles and only for Robert S. Weisbein, Jean-Paul Ciardullo and Anum Amin. (Ciardullo Decl. 4.) Plaintiff does not provide information about the experience and qualifications of Jennifer B. Iwata, Bianca Ascolese, and Tiffany K. Sung.